UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD CRAWFORD,

    Plaintiff,

v.

File No. 1:12-cv-1107

HON. ROBERT HOLMES BELL

HON. CHARLES HAGEL and UNITED STATES
DEPARTMENT OF DEFENSE,

    Defendants.
                                      /

## OPINION

This is a discrimination case brought under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* Plaintiff specifically alleges his employer discriminated against him in violation of sections 501 and 504 of the Rehabilitation Act. Defendants have filed a motion for summary judgment, or in the alternative to compel discovery (Dkt. No. 22), arguing that they are entitled to judgment as a matter of law with respect to Plaintiff's § 504 claim, but making no reference to his § 501 claim. The Court therefore construes this as a motion for partial summary judgment and a motion to compel discovery. A response (Dkt. No. 31) and a reply (Dkt. No. 32) have been filed.

The issue before the Court is whether Plaintiff has suffered an adverse employment action solely because of his disability. For the reasons that follow, the Court holds that even if Plaintiff has suffered an adverse employment action, such action was not taken *solely* because of his disability, as required by Section 504 of the Rehabilitation Act. 29 U.S.C. § 794. Defendant's are therefore entitled to summary judgment.

**I.**

Plaintiff was an employee of the Department of Defense, Defense Logistics Agencie ("DLA")

at the time of the alleged discrimination (Defs.' Br., Dkt. No. 23 at 2). There is no dispute that Plaintiff is disabled and was disabled throughout the course of his employment.[1] His duties, among others, were to respond to customer service tickets, respond to calls, and perform quality checks for tickets handled by others. (Defs.' Br., Dkt. No. 23 at 2).

In February 2011, Plaintiff shattered his femur while stretching. (Defs.' Br., Dkt. No. 23 at 3; Pl.'s Resp., Dkt. No. 31 at 2). Plaintiff's physician stated that he could not return to work for six to ten weeks, and recommended that Plaintiff work from home, if possible. (Defs.' Br., Dkt. No. 23 at 3; Pl.'s Resp., Dkt. No. 31 at 2). Plaintiff's supervisor approved a telework arrangement for him in late March 2011 (Defs.' Br., Dkt. No. 23 at 3; Pl.'s Resp., Dkt. No. 31 at 2). Plaintiff requested a wireless mouse, wireless keyboard, and an adjustable desk as an accommodation for his disability while he worked from home. (Defs.' Br., Dkt. No. 23 at 4; Pl.'s Resp., Dkt. No. 31 at 2). Defendants provided Plaintiff with a wireless mouse and keyboard, and began the process of requisitioning the desk Plaintiff requested. (Defs.' Br., Dkt. No. 23 at 4).

While working from home, Plaintiff's job performance allegedly suffered. (Defs.' Br., Dkt. No. 23 at 4). His work required review by his supervisors and revision by his co-workers. (*Id.*). He handled fewer tickets than his co-workers. (*Id.*). His error rate on his own work was over 60%, and his error rate in reviewing the work of others was 40%, both of which are above the acceptable rate (*Id.*). Defendants gave Plaintiff monthly reports on his performance, and he was informed in writing multiple times that his performance while teleworking was sub-standard. (*Id.*).

---

[1]Plaintiff is referred to alternatively—almost interchangeably—as a quadriplegic and paraplegic in both Plaintiff's and Defendants' filings. Although the arguments made seem to suggest that Plaintiff has use of his upper extremities the precise nature of his disability is immaterial because both parties concede that he is disabled within the meaning of the Rehabilitation Act.

In May 2011, Defendants instructed Plaintiff to cease telework, formally terminated his telework agreement, and outlined a plan to improve his performance. (*Id.* at 5). Plaintiff did not return to work, but rather took additional sick leave. (*Id.*; Pl.'s Reps., Dkt. No. 31 at 3). Plaintiff never returned to work, but rather initiated the process of applying for and obtaining disability retirement. (Defs.' Br., Dkt. No. 23 at 5; Pl.'s Resp., Dkt. No. 31 at 3).

Plaintiff filed a formal complaint of discrimination in July 2011, alleging he had been discriminated against by being denied the ability to work at home because of an injury that prevented him from traveling to work while his leg healed. (Defs.' Br., Dkt. No. 23 at 6). His complaint was denied, with a finding of no discrimination. (*Id.*). Plaintiff then initiated the instant action.

## II.

### A. Motion for Summary Judgment

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the moving party will not carry the burden of proof at trial, the party must identify "those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (internal quotations omitted). A defendant moving for summary judgment is not required, however, to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.*

3

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

Only Plaintiff's § 504 claim is properly before the Court on this summary judgment motion. To succeed on a claim under § 504, a plaintiff "must establish that: '1) he is an individual with a disability; 2) he is otherwise qualified to perform the job requirements, with or without reasonable accommodation; and 3) he [suffered an adverse employment action] solely by reason of his handicap.'" *Lee v. City of Columbus, Ohio*, 636 F.3d 245, 250 (6th Cir. 2011) (quoting *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)) (insertion in original). Here, it is undisputed that Plaintiff meets the first prong. Material facts exist as to whether Plaintiff could establish the second prong. However, because Plaintiff cannot satisfy the third prong, summary judgment in favor of Defendants is appropriate.

A material dispute exists between the parties over whether termination of a telework agreement constitutes an adverse employment action. Normally, such a determination requires a fact-specific inquiry by the Court. *See Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1109 (6th Cir. 2008). However, by its very language, § 504 requires the adverse employment action to take place "solely by reason of her or his disability." 29 U.S.C. § 794(a). Here, Defendants have

submitted ample evidence both that (1) they chose to terminate Plaintiff's telework assignment due to poor performance and (2) Plaintiff in fact performed poorly during his telework assignment. (*See generally*, Defs.' Exs. A, E–J, N–R, Dkt. Nos. 23-2, 23-6, 24-1–24-5, 25-4, 25-5, 26-1–26-3). In his response, Plaintiff offered no contradicting evidence. Even if termination of a telework agreement was an adverse employment action in this case, and further, even if Defendants were partially motivated by a discriminatory animus, Plaintiff has failed to establish that he suffered an adverse employment action *solely* by reason of his disability. Therefore, because there is no genuine issue of material fact with respect to Plaintiff's § 504 claim, Defendant is entitled to partial summary judgment.

**B.      Motion to compel discovery**

Because the Court is only granting partial summary judgment, it will consider Defendants' motion for an order requiring Plaintiff to respond to their interrogatories and production requests, and to reopen discovery for the limited purpose of taking Plaintiff's deposition, pursuant to Federal Rule of Civil Procedure 37. (Def.'s Br., Dkt. No. 23 at 21–24). Plaintiff does not oppose the motion, and goes so far as to ask the Court to grant it. (Pl.'s Resp., Dkt. No. 31 at 8). Plaintiff has not, however, to the Court's knowledge, voluntarily complied with the discovery requests.

The Court will grant Defendants' motion. In so doing, it recognizes that under Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). Relevant here is the subsequent provision forbidding the Court from ordering such payment if "the opposing party's nondisclosure . . . was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(a)(ii) and (iii).

Plaintiff will therefore be required to show cause why the nondisclosure was substantially justified or what other circumstances would make an award of expenses unjust.

**III.**

For the foregoing reasons, the Court grants Defendants' motion for summary judgment with respect to Count II of the amended complaint. Count I remains pending. The Court further grants Defendants' motion to compel discovery, and will reopen discovery for the limited purpose of taking Plaintiff's deposition.

The Court will issue and Order consistent with this Opinion.


Dated: January 17, 2014                             /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE